UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19cv23406

LUIS PORTILLO, individually, on
behalf of all others similarly situated,

        Plaintiff,

v.

PLOMO, LLC., a Florida limited liability
Company d/b/a Plomo Tequilla & Taco
Bar and EFTHYMIOS PALIOURAS,
Individually,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Luis Portillo, ("*Plaintiff*"), individually and on behalf of all others similarly situated (the "*FLSA Collective*"), by and through the undersigned attorneys, and hereby sue Defendants, Plomo, LLC., a Florida limited liability company d/b/a Plomo Tequilla & Taco Bar and Mr. Efthymios Paliouras ("*Defendants*") for failing to pay their servers, waiters, and waitresses employees (*collectively "Servers"*) all of their overtime pay as required by the Fair Labor Standards Act ("*FLSA*"), 29 U.S.C. § 201, et seq. Plaintiff states the following as her claims against Defendants:

JURISDICTION AND VENUE

1. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1391, because Defendants reside in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

PARTIES

3. Plaintiff is an adult resident of Miami-Dade County, Florida.

4. Defendant, Plomo, LLC., owns and operates the d/b/a Plomo Tequilla & Taco Bar in Coral Gables, Miami-Dade County, Florida.

5. Plaintiff was an employee of Defendants, employed as a server/waiter from approximately March 2018 through August 11, 2019, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

6. Defendant, Plomo, LLC., ("*Plomo*") is a Florida limited liability company with its principal place of business located at 230 Miracle Mile, Coral Gables, Florida 33134. Plomo is an employer within the meaning of 29 U.S.C. §203(d).

7. Defendant, Plomo, owns and operates the d/b/a Plomo Tequilla & Taco Bar in Coral Gables, Miami-Dade County, Florida.

8. Defendant, Mr. Efthymios Paliouras, is Manager of Plomo and exercised operational control over the activities of the limited liability company.

9. Defendant, Mr. Efthymios Paliouras, acted directly in the interest of Plomo and upon information and belief created the method of pay used to compensate employees.

10. Defendants are both employers within the meaning of the Fair Labor Standards Act.

11. During the last three years, Defendants have employed more than twenty-five (25) current and former employees at their Coral Gables, Florida location.

12. Defendants' gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

13. Defendants jointly employed or employ Plaintiff and other similarly situated food servers.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

14. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

15. Plaintiff and others similarly situated work or worked for Defendants as servers during the past three years.

16. Plaintiff and other similarly situated employees served food and liquor to patrons of the restaurant and bar.

17. Defendants compensated Plaintiff and food servers for their work with a modified hourly basis of $5.80, per hour and later lowered to a rate of $5.44 per hour; however, Defendants would back charge their servers anywhere between five to seven percent (5-7%) of their gross daily sales. This back charge would be deducted from the servers' credit card tips on a biweekly basis, thereby reducing their net pay.

18. The foregoing deduction was: (a) not mutually agreed upon prior to the deductions being made; (b) mandatory; (c) provided compensation among employees who do not customarily and regularly receive tips; (d) the actual tip credit charged to the employee exceeded the difference between the minimum required cash wage and the then applicable minimum wage; and or (e) a portion of the tip pool was retained by the employer and the employer impermissibly also took advantage of a tip credit to lessen the minimum hourly wage paid to the employees.

19. Defendants suffered and permitted Plaintiff and other similarly situated servers to work more than forty (40) hours per workweek.

20. Defendants had a common policy of not paying Plaintiff and the other similarly situated servers at a rate of one and one-half (1.5) times of the proper rate of pay for the overtime hours they worked as required by the FLSA. In fact, at times the Employer eliminated or failed to account for reported hours over forty per workweek and when paid, the overtime it was calculated at an improper rate.

21. In calculating Plaintiff's and other similarly situated servers' overtime pay, Defendants paid them their regular hourly rate (i.e., straight time rate) or none at all, rather than the legally required one and one-half times their appropriate rate of pay.

22. Plaintiff's and other similarly situated servers worked approximately five to twenty hours of overtime per workweek.

23. Defendants willfully operated under a common scheme to deprive Plaintiff and the other similarly situated servers of proper overtime compensation by paying them less than what is required under federal law and Florida law.

24. As an experienced employer in the food service industry, affiliated with various other restaurants in Miami-Dade County, Florida, Defendants were or should have been aware that Plaintiff and other servers performed work that required proper payment of overtime compensation.

25. Defendants knew that Plaintiff and the other similarly situated servers worked overtime hours without receiving proper overtime pay because Defendants required Plaintiff and the others similarly situated to record and submit records of their work hours.

26. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiff and the FLSA Collective.

27. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

29. Plaintiff brings Count I below individually and on behalf of all individuals similarly situated, specifically:

    *All servers, waiters, waitresses, or other positions with similar job titles and/or duties who have been employed by Defendants at any time within the three years prior to the filing of this Complaint until the date of final judgment in this matter* (*the proposed "FLSA Collective"*).

30. Plaintiff consents in writing to assert his claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

31. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

32. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, et seq., and that have caused significant damage to Plaintiff and the FLSA Collective.

33. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## COUNT I
Overtime Violation, Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
On Behalf of Plaintiff and the FLSA Collective

34. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

35. Defendants are an "enterprise" and engaged in commerce as defined by the FLSA and whose annual gross sales made or business done is $500,000 or above.

36. Defendants are likewise involved in interstate commerce and use instrumentalities of interstate commerce, like telephones and lines for data transmission and credit card processing.

37. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. For tipped employees subject to a proper tip credit, the overtime rate is one and one half (1.5) times the tipped wage rate.

38. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

39. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

40. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

41. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. §207.

42. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant, Plomo, failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

43. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

    a.     A finding that Plaintiff and the FLSA Collective are similarly situated;

    b.     Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

    c.     Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

    d.     Judgment against Defendants for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendants' violations of the FLSA are willful;

f. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

j. All further relief as the Court deems just and equitable.

## COUNT II
### Improper Tip Pooling Arrangement
### On Behalf of Plaintiff and the FLSA Collective

44. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

45. Defendants are an "enterprise" and engaged in commerce as defined by the FLSA and whose annual gross sales made or business done is $500,000 or above.

46. Defendants are likewise involved in interstate commerce and use instrumentalities of interstate commerce, like telephones and lines for data transmission.

47. Defendants compensated Plaintiff and food servers for their work with a reduced hourly rate of $5.80 per hour and later at a rate of $5.44 per hour, by taking a tip credit.

48. In addition, Plomo would back charge its servers anywhere between five to seven percent (5-7%) of their gross daily sales. This back charge would be deducted from the servers' credit card tips on a biweekly basis, thereby further reducing their net pay.

49. The Employer's back charge upon the server's credit card tips was mandatory and the Defendants exercised dominion and control over the withheld funds.

50. The foregoing deduction was: (a) not mutually agreed upon prior to the deductions being made; (b) mandatory; (c) provided compensation among employees who do not customarily and regularly receive tips; (d) was distributed to employees that are not contributing to it; and or (e) a portion of the tip pool was retained by the employer or diverted for other non-authorized purposes.

51. Pursuant to 29 USC §203(m)(2)(B): "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

52. The foregoing constitutes an improper and illegitimate tip-pooling arrangement.

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

   a. A finding that Plaintiff and the FLSA Collective are similarly situated;

   b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

   c. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

   d. A finding that the Defendants were not permitted to claim a tip credit.

   e. Judgment against Defendants for an amount equal to the improper pooling reductions made to each employee, which caused their earnings to fall below the appropriate and then applicable Florida minimum wage.

f.  A finding that Defendants' violations of the FLSA are willful;

g.  An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

<u>Demand for Jury Trial</u>

Plaintiff demands a jury trial of all issues so triable.

Dated this 14th day of August, 2019.

>Respectfully,
>MKRS Law, PL.
>Attorneys for Plaintiff,
>201 Alhambra Circle, Suite 802
>Coral Gables, FL 33134
>Tel.    (305) 446-5228
>Fax    (305) 446-7110
>
>By: */s/ Sergio R. Casiano, Jr.*
>    Sergio R. Casiano, Jr., Esq.
>    Fla. Bar No.: 457302
>    sergioc@mkrs.com